UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:23-cv-20442

JOSE ESTEVEZ,
An Individual,

    Plaintiff,

v.

CCAP AUTO LEASE, LTD.,
d/b/a CHRYSLER CAPITAL,
A foreign corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff, JOSE ESTEVEZ, ("Plaintiff") brings this action against CCAP AUTO LEASE, LTD., d/b/a CHRYSLER CAPITAL, under the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("Regulation M").

**JURISDICTION AND VENUE**

1. The Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claim arises from the CLA, a federal statute. 15 U.S.C. § 1667d(c).

2. Venue is proper before this Court because the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this

Page **1** of **7**

district, and Defendant transacts business in this district.

## PARTIES

3. Plaintiff is a natural person who at all relevant times resided in Miami-Dade County, Florida.

4. Defendant is a foreign corporation and was at all relevant times herein was doing business in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

5. In December 2018, Defendant leased a new 2018 Dodge Durango ("Vehicle") to Plaintiff.

6. The Vehicle was leased under a Motor Vehicle Lease ("Lease"). A copy of the lease is attached as Exhibit A.

7. In the Lease, Defendant provided Plaintiff with the option to buy the Vehicle at the end of the lease term: "You have an option to purchase the Vehicle from us at the end of the lease term for the Residual Value plus any past due Monthly Payments or any other amount due under this Lease, plus official fees and taxes, plus a $350 purchase option fee." *Id.* ¶ 8.

8. The residual value disclosed in the Lease was $19,828.80. *Id.* ¶ 6, line D.

9. The total buyout option price was $20,178.80.

10. The Lease did not disclose any other fees or costs to be added to the

purchase price for Plaintiff to exercise the purchase option at the end of the Lease.

11.     Plaintiff reasonably relied on these terms, including the purchase option price, when agreeing to the Lease.

12.     At the end of the lease term, Plaintiff contacted Defendant and asked about the process to buy the Vehicle.

13.     Defendant did not allow Plaintiff to buy the Vehicle from it directly.

14.     Instead, Defendant directed Plaintiff to buy the Vehicle through an authorized dealership.

15.     In February of 2022, Plaintiff visited, Planet Dodge ("Dodge") to exercise the purchase option at the end of the lease term.

16.     However, to Plaintiff's surprise, Dodge charged Plaintiff $20,582.00 to buy the Vehicle and charged Plaintiff a $899.50 "Predelivery Service Charge", a $49.50 "Electronic Registration Filing Fee", and a $189.50 "DOCUMENTATION FEE."

17.     The $899.50 "Predelivery Service Charge", $49.50 "Electronic Registration Filing Fee", and $189.50 "DOCUMENTATION FEE" were not official fees.

18.     In the Lease, Defendant never disclosed that the purchase option price would be $20,582.00 and that payment of the $899.50 "Predelivery Service Charge", $49.50 "Electronic Registration Filing Fee", and $189.50 "DOCUMENTATION

FEE" would be required to exercise the purchase option.

19. Defendant's failure to honor the purchase price in the Lease was the cause of Plaintiff's harm, as Plaintiff was left with no choice but to pay the additional fees that are contrary to the amount stated as the purchase price in the Lease.

### COUNT I AS TO DEFENDANT'S VIOLATION OF FEDERAL CONSUMER LEASING ACT 15 U.S.C. § 1667a

20. The CLA governs the disclosures in the Lease because the lease term ran for 35 months and was for less than $58,300. 15 U.S.C. § 1667(1).

21. Plaintiff is a natural person who leased the Vehicle primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

22. Defendant had to comply with the CLA's disclosure requirements because it was a "lessor" under the CLA.

23. Defendant has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

24. As described above, Defendant had substantial involvement in the lease transaction with Plaintiff.

25. Upon information and belief, Defendant financially gains on the resale of the vehicle at the end of the Lease term.

26. The Lease is governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 213.4.

27. The disclosure of the purchase option price in the Lease had to be accurate, clear, conspicuous, and complete. 12 CFR § 1013.3(a).

28. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $20,582.00 was required to buy the Vehicle, nor that payment of the $899.50 "Predelivery Service Charge", $49.50 "Electronic Registration Filing Fee", and $189.50 "DOCUMENTATION FEE" were required to exercise the purchase option at the end of the lease.

29. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $20,582.00 to buy the Vehicle and payment of the $899.50 "Predelivery Service Charge", $49.50 "Electronic Registration Filing Fee", and $189.50 "DOCUMENTATION FEE" were required to exercise the purchase option at the end of the lease.

30. Defendant violated 12 CFR § 1013.3(a) because the purchase option price was unclear, inaccurate, and incomplete.

31. These omissions were material to Plaintiff's decision to enter into the Lease, and Plaintiff detrimentally relied on these material omissions.

32. Plaintiff suffered financial loss in that Plaintiff paid more than what the Lease required to buy the Vehicle, including but not limited to increased sales tax.

33. Had Defendant provided an accurate, complete, and clear purchase

option price in the Lease, which it was required to do, Plaintiff would have negotiated better terms or elected declined to lease the Vehicle.

34. Defendant's illegal conduct was the actual and proximate cause of the actual damages suffered by Plaintiff.

35. Pursuant to 15 U.S.C. § 1640, Plaintiff is entitled to recover actual and statutory damages from Defendant, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment against Defendant as follows:

A. Actual Damages;

B. Statutory Damages of $2,000.00;

C. Pre-judgment and post-judgment interest, as allowed by law;

D. Reasonable attorneys' fees and costs;

E. Injunctive relief requiring Defendant to honor its obligation under its lease agreements to sell leased vehicles for the price identified on the lease agreement; and

F. Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Joshua Feygin
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685
Email: Josh@JFeyginesq.com
SUE YOUR DEALER – A LAW FIRM
1930 Harrison Street, Suite 208 F
Hollywood, FL 33020
Telephone: (954) 228-5674
Facsimile: (954) 697-0357